PAUL H. NOE 310.704.3745
539 N. Highland Ave
Los Angeles, CA 90036

*Defendant, In Pro Se*

FILED

2016 JUL 11 PM 1:09

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CV16-5063-AB (AFMx)

|  |  |
|---|---|
| **MARYAM PIRIAN,** | Case No.: |
|  | **NOTICE OF REMOVAL** |
|  | **DEFENDANT,PAUL H. NOE'S** |
| PLAINTIFF, | **COMPLAINT FOR:  VIOLATIONS OF 12 U.S.C. § 2601, ET. SEQ. [REAL ESTATE SETTLEMENT PROCEDURES ACT] CALIF. CCP 430.90** |
| vs. | |
| **PAUL H. NOE AND DOES 1 TO 10, INCLUSIVE,**    1 — 10 | **from the LOS ANGELES County Superior Court,** **Case #  16U05827** |
| DEFENDENTS | |

**DEFENDANT, PAUL H. NOE 'S NOTICE OF REMOVAL. COMPLAINT FOR:
VIOLATIONS OF 12 U.S.C. § 2601-2610  [RESPA]**

**COMES NOW,** DEFENDANT, PAUL H. NOE ("DEFENDANT") brings this lawsuit against PLAINTIFF, MARYAM PIRIAN, ("PLAINTIFF") for violations of the federal statute: Real Estate Settlement Procedures Act. (RESPA).

<u>**PARTIES**</u>

1. DEFENDANT is a resident of the State of California and resides at 539 N. Highland Ave Los Angeles, CA *90036*. Importantly, DEFENDANT alleges that the PLAINTIFFs intentionally violated the federal statute that is implemented by the United States Congress for DEFENDANT's protection.

2. PLAINTIFF, MARYAM PIRIAN**,** is doing business in the State of California and have pursued an action to harm DEFENDANT. DEFENDANT alleges that this PLAINTIFF were lenders, or creditors, or dealers, real estate transactors and are, thus, subject to the provisions of the RESPA.

<u>**VENUE AND JURISDICTION**</u>

3. This court further has jurisdiction under 28 U.S.C. § 1331 pursuant to 12 U.S.C. § 2605.13. This Court has personal jurisdiction over the parties in this action by the fact that PLAINTIFF is a corporation that is licensed to do business in the state of California or otherwise conducts business in the state of California.

4. Venue is proper in this Court as the unlawful practices and conduct are alleged to have been committed in Los Angeles County, California. DEFENDANTs' home, which is the subject of this litigation, is in the Los Angeles County, California, all Defendants reside in this district within the meaning of 28 U.S.C. § 1391©, and Defendants regularly conduct business in this district.

<u>**DEFENDANT'S CAUSE OF ACTION FOR VIOLATIONS OF RESPA AGAINST PLAINTIFFS**</u>

5. DEFENDANT realleges and incorporates by reference the afore-mentioned allegations contained herein Paragraphs 1-4.

-2-

---

**DEFENDANT, PAUL H. NOE 'S NOTICE OF REMOVAL. COMPLAINT FOR: VIOLATIONS OF 12 U.S.C. § 2601-2610 [RESPA]**

6. RESPA is applicable for the following statutory requirements were never met:

**(a) Disclosure to applicant relating to assignment, sale, or transfer of loan servicing**
Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.

**(b) Notice by transferor of loan servicing at time of transfer**
**(1) Notice requirement**
Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

**(3) Contents of notice**
The notice required under paragraph (1) shall include the following information:
**(A)** The effective date of transfer of the servicing described in such paragraph.
**(B)** The name, address, and toll-free or collect call telephone number of the transferee servicer.
**(C)** A toll-free or collect call telephone number for
(i) an individual employed by the transferor servicer, or
(ii) the department of the transferor servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.
**(D)** The name and toll-free or collect call telephone number for
(i) an individual employed by the transferee servicer, or
(ii) the department of the transferee servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.
**(E)** The date on which the transferor servicer who is servicing the mortgage loan before the assignment, sale, or transfer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments.
**(F)** Any information concerning the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance and what action, if any, the borrower must take to maintain coverage.
**(G)** A statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments other than terms directly related to the servicing of such loan.

**(c) Notice by transferee of loan servicing at time of transfer**
**(1) Notice requirement**
Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer.

**B) Qualified written request**
For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.
**(2) Action with respect to inquiry**

-3-

Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall—

(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—

(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—

(i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

7.   DEFENDANT alleges that the State of Caliofrnia did not anticipate a wrongful and illegal foreclosure as the cause of a trustee sale when it imbued the trustee sale with perfecting power. Thus the Perfecting nature of a trustee sale should not and does not absolve the Plaintiff's of their responsibilities as responsible buyers from exercising due dilligence in the purchase of the wrongfully foreclosed property. The plaintiff's disregard of the old admonation of "Buyer Beware" does not absolve them of all responsibility in regards to the purchase of a property that was wrongfully foreclosed.

8.   The State has shown no interest in addressing the issue of a tainted trustee sale and this court is the best venue for resolving the issues related to a tainted trustee sale.

9.   DEFENDANT alleges that he never received a notice, no correspondence and no response to DEFENDANT's "status" as a) resident, b) homeowner or c) occupier in the property. As a lender and dealer in real property and lending or participating in lending functions, the Plaintiff's pursuant to RESPA had a duty to disclose their relationship to

-4-

**DEFENDANT, PAUL H. NOE 'S NOTICE OF REMOVAL. COMPLAINT FOR: VIOLATIONS OF 12 U.S.C. § 2601-2610 [RESPA]**

DEFENDANT and failed to effectuate that obligation.  RESPA exacts disclosures from a lender/dealer; however, DEFENDANT, further alleges that the Plaintiff's did not comply. DEFENDANT has, accordingly, suffered harm, i.e., loss of his home and damage to his credit and will be lumpened.

-5-

**DEFENDANT, PAUL H. NOE 'S NOTICE OF REMOVAL. COMPLAINT FOR: VIOLATIONS OF 12 U.S.C. § 2601-2610  [RESPA]**

## PRAYER FOR RELIEF

**WHEREFORE,** DEFENDANT'S pray for JUDGMENT against each and every member, agent, employee, manager, or director of the listed Plaintiffs as well as the following:

**FIRST CAUSE OF ACTION**:

1. For pre and post judgment relief;

2. For special damages according to proof;

3. For compensatory damages against all Plaintiffs's for compensating DEFENDANT;

4. For costs of suit incurred;

5. For general damages according to proof;

The amount in controversy exceeds the sum of $75,000. District court has jurisdiction of the action pursuant to 28 U.S.C. 1332(a)

///

## VERIFICATION

I, the undersigned, say:

I am the DEFENDANT in this matter. The contents of the Complaint are true of my personal knowledge, except as to matters which are stated on my information and belief and, as to these matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _____7-1-16_____ 2016, California.


DEFENDANT, PAUL H. NOE ,
*In Pro Se*

-6-

**DEFENDANT, PAUL H. NOE 'S NOTICE OF REMOVAL. COMPLAINT FOR:
VIOLATIONS OF 12 U.S.C. § 2601-2610 [RESPA]**

PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 8689 Sierra Avenue, Suite B, Fontana, CA 92335

On ___7-11-16___ I served the foregoing document(s) described as: **NOTICE OF REMOVAL** to the following parties:

Robert A. Krasney, Esq. 909.884.1600
362 W. 6th Street
San Bernardino, CA 92401

[ X ] (By U.S. Mail) I deposited such envelope in the mail at Orange, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: ___7-11-16___

_____
Francisco Bourne

-7-

**DEFENDANT, PAUL H. NOE 'S NOTICE OF REMOVAL. COMPLAINT FOR: VIOLATIONS OF 12 U.S.C. § 2601-2610 [RESPA]**

1  **ROBERT A. KRASNEY**
   ATTORNEY AT LAW
2  362 W. 6TH STREET
   SAN BERNARDINO, CA 92401
3  (909) 884-1600 • (909) 884-2828 Fax

4  STATE BAR NO. 130530

5  Attorney for Plaintiff, Maryam Pirian

**CONFORMED COPY**
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAY 26 2016

Sherri R. Carter, Executive Officer/Clerk
By: Anabella Figueroa, Deputy

6

7                    SUPERIOR COURT, STATE OF CALIFORNIA

8                         COUNTY OF LOS ANGELES

9                    STANLEY MOSK COURTHOUSE BRANCH

10  MARYAM PIRIAN                        Case No.      16U05827
11               Plaintiff
        vs.                             UNLAWFUL DETAINER COMPLAINT
12  PAUL H. NOE                         POST FORECLOSURE
    AND DOES 1-10, INCLUSIVE            DOES NOT EXCEED $10,000.00
13                                      ACTION BASED ON CODE OF CIVIL
               Defendant                PROCEDURE SECTION 1161a
14

15

16

17

18

19  Plaintiff Maryam Pirian Alleges causes of action against Defendant Paul H. Noe and does 1-10,

20  inclusive:

21      1.      This Court is the proper court for the trial of this action because;

22              a. Each defendant resides or conducts business in the jurisdiction served by this

23      court;

24              b. The property which is subject to this Unlawful Detainer action, 539 N. Highland

25      Ave., Los Angeles, CA 90036, County of Los Angeles ("the subject property") is located

26      in the area under jurisdiction of this court; and

27              c. The amount of damages claimed in this Unlawful Detainer action does not

28      exceed $10,000.00.

2.     Plaintiff does not know the true names of the Defendant designated as "DOES 1 TO 10", however, Plaintiff is informed, believes and alleges, that all relevant times mentioned in this complaint, the named Defendant and DOES 1 TO 10 have been in possession of the premises subject to this Unlawful Detainer.

3.     Plaintiff is Maryam Pirian

4.     Plaintiff is an Individual

5.     Plaintiff is the true owner and entitled to possession of the subject property.

6.     On or about 05/04/2013 Plaintiff became the owner of the subject property by purchasing said property at a Trustee's Sale following foreclosure proceedings. Said foreclosure sale and all notices preceding said foreclosure were done in compliance with CALIFORNIA CIVIL CODE CCC §2924 et seq. and under said sale has been duly perfected.

7.     No landlord/tenant relationship exists between Plaintiff and Defendant.

8.     For the period from 05/04/2013 to the present, Defendant has occupied the property without consent or authorization of the Plaintiff. The Defendant title, if any, to the subject property, that existed or may have existed prior to the Trustees Sale, was extinguished by said foreclosure and subsequent Trustee's Sale.

9.     On 05/17/2016, Plaintiff served or caused to be served on the Defendant a written notice in compliance with CALIFORNIA CODE OF CIVIL PROCEDURE, CCP §1161 et seq. requiring and demanding that Defendant quit and deliver possession of the subject property to Plaintiff within (3) THREE DAYS after service of said notice on them. Said notice was served on 05/17/2016 by post and mail. Said notice expired on 05/20/2016 but Defendant has failed, and refused to quit and deliver up possession of 539 N. Highland Ave., Los Angeles, CA 90036 County of Los Angeles, the subject property. Defendant is still in possession of the subject property.

10.    Defendant hold over and continued possession of the subject property is willful intentional, deliberate and without permission or consent of the Plaintiff. Plaintiff is entitled to immediate possession of the subject property.

11.    Plaintiff have sustained damages in the amount of the reasonable rental value of the subject property, to wit, $281.16 per day from and including 05/21/2016 and will continue to sustain damages at said rate for as long as Defendant remains in possession of the subject property.

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:

1. Possession and restitution of the subject property located at 539 N. Highland Ave., Los Angeles, CA 90036, County of Los Angeles.
2. For damages in the sum of $281.16 per day from and including 05/21/2016 through the date of entry of judgment.
3. For reasonable attorney fees according to proof.
4. For costs of suit herein incurred, and
5. For such other and further relief that this court deems just and proper.

Date: May 23, 2016

ROBERT A. KRASNEY,
Attorney for Maryam Pirian

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

MARYAM PIRIAN,

**DEFENDANTS** ( Check box if you are representing yourself ☒ )

PAUL H. NOE  DOES 1 TO 10, INCLUSIVE  AND  1-10

**(b)** County of Residence of First Listed Plaintiff   LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   LOS ANGELES
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Robert A. Krasney, Esq. 909.884.1600
362 W. 6th Street
San Bernardino, CA 92401

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

PAUL H. NOE 310.704.3745
539 N. Highland Ave
Los Angeles, CA 90036

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF 12 U.S.C. § 2601, ET. SEQ. [REAL ESTATE SETTLEMENT PROCEDURES ACT] CALIF. CCP 430.90

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☒ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 675 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

CV-71 (02/16)                    CIVIL COVER SHEET                    CV16_5063                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes    [ ] No | [X] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no, " skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Orange | Southern |
|  | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes    [X] No |  | [ ] NO.  Continue to Question B.2. |
|  | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C.  If "yes," answer Question B.1, at right. |  | [ ] NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes    [X] No |  | [ ] NO.  Continue to Question C.2. |
|  | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | [ ] YES.  Your case will initially be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D.  If "yes," answer Question C.1, at right. |  | [ ] NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| [ ] Yes    [X] No | [ ] Yes    [ ] No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E,  below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E,  below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes    [X] No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _FH/oe_   DATE: _7-11-16_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |