UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-05063-AB (AFMx)**                                              Date: July 19, 2016

Title     **Maryam Pirian v. Paul H. Noe and Does 1-10**

Present: The Honorable:  ANDRÉ BIROTTE JR., U.S. DISTRICT JUDGE

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers)     **ORDER REMANDING MATTER TO STATE COURT**

On May 26, 2016, Maryam Pirian ("Plaintiff") instituted unlawful detainer proceedings against Paul H. Noe and Does 1 to 10 ("Defendant") in state court. Defendant has allegedly continued in unlawful possession of the property located at 539 N. Highland Avenue, Los Angeles, CA 90036 (the "Property") that is owned by Plaintiff through a Trustee's sale on May 4, 2013. (Complaint, ¶ 6.) Defendant has remained in possession of the Property without consent or authorization of the Plaintiff for the period May 4, 2013 to the present (Complaint, ¶ 8). On May 17, 2016, Defendant was served with a 3-Day Notice to Quit. (Complaint, ¶ 9.) Plaintiff filed the unlawful detainer complaint in state court after Defendant failed to comply with the notice to quit. Plaintiff estimates the fair rental value of the Property as $281.16 per day. On July 11, 2016, Defendant filed a document in this Court entitled "Notice of Removal," with a copy of the state court unlawful detainer complaint attached. The face of the document also refers to "Defendant, Paul H. Noe's Complaint," and the body of the document discusses the claim that "Defendant" has against "Plaintiff" for violation of the Real Estate Settlement Procedures Act (RESPA). Based on the language of the filings, the Court interprets these documents as Defendant removing the state court unlawful detainer complaint and then asserting a counterclaim to that Complaint under RESPA. Defendant asserts federal question jurisdiction in this Court pursuant to RESPA, 12 U.S.C. § 2601-2610. (Notice of Removal, ¶ 6.) Defendant's "complaint" against Plaintiff also asserts diversity jurisdiction under 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-05063-AB (AFMx)**                                                          Date: July 19, 2016

Title       **Maryam Pirian v. Paul H. Noe and Does 1-10**

court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

   Subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim.  There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law such as Defendant's apparent assertion of a counterclaim under RESPA.  *See Caterpillar, Inc.*, 482 U.S. at 392-93; *GMAC Mortgage, LLC v. Bruce*, 2010 WL 3069879 at *3 (E.D. Cal. 2010) (actual or potential RESPA counterclaim does not provide jurisdiction to remove a state court unlawful detainer complaint); *U.S. Bank National Association v. Ortiz*, 2010 WL 4235858 (C.D. Cal. 2010) (possibility that RESPA issues could arise in state court action did not create removal jurisdiction).  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

   Moreover, it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000.  The Complaint specifically asserts a claim for ongoing damages at a rate of $281.16 per day from May 21, 2016.  Defendant has made no plausible allegations showing how those damages would exceed $75,000.

   The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendant

                                                                                            :
                                                      **Initials of Preparer**       cb